# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10801
Summary Calendar

VINCENT MIKE SANCHEZ

Petitioner-Appellant

v.

REBECCA TAMEZ, Warden, FCI Fort Worth

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-325

Before REAVLEY, DAVIS, and GARZA, Circuit Judges.

PER CURIAM:[*]

Vincent Mike Sanchez, federal prisoner # 10021-273, appeals the denial of his 28 U.S.C. § 2241 petition challenging his ineligibility for early release under 18 U.S.C. § 3621(e) on account of his conviction for the use and carrying of a firearm during a drug trafficking crime despite his successful completion of a Residential Drug Abuse Program. Sanchez challenges his ineligibility for early release, arguing that the facts underlying his offense establish that it was not a crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanchez pleaded guilty to the use and carrying of a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i). The Bureau of Prisons (BOP), in its discretion, has determined that the conviction of such an offense renders the inmate categorically ineligible for early release, *see* 28 C.F.R. § 550.55(b)(5)(ii), and the Supreme Court has deemed this exercise of discretion permissible. *Lopez v. Davis*, 531 U.S. 230, 244 (2001). Because Sanchez is categorically ineligible given that his offense involved the possession of a firearm, a fact he does not dispute, his suggestion that reference should be had to the specific facts underlying his conviction to determine his eligibility for early release is unavailing.

Sanchez argues for the first time on appeal pursuant to *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), that (1) the BOP failed to comply with the Administrative Procedure Act's requirement that the BOP articulate a rationale for categorically denying prisoners early release based on their preconviction conduct and (2) his rights under the Equal Protection Clause have been violated. "[A]rguments not raised before the district court are waived and cannot be raised for the first time on appeal." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

AFFIRMED.